# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION


**SHELBY LATRICE MCDOWELL**                                        **PLAINTIFF**

                                                           **NO. 4:17CV00059--JMV**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an
unfavorable final decision of the Commissioner of the Social Security Administration denying a
claim for supplemental security income benefits.   The parties have consented to entry of final
judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with
any appeal to the Court of Appeals for the Fifth Circuit.   The court, having reviewed the
administrative record, the briefs of the parties, and the applicable law, and having heard oral
argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held July 17, 2018, the
court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by
substantial evidence in the record.   Specifically, the ALJ failed to properly consider the medical
source opinion of the claimant's treating eye specialist, failed to fully consider the medical source
opinions of Dr. Robert Shearin, and failed to fully consider the medical source opinions of Dan
Murphy, Ph.D.   The ALJ rejected medical source opinions of Dr. Sandra Bright regarding the
claimant's vision limitations without adequate explanation and without the support of a
competent medical opinion.   Likewise, the ALJ effectively rejected medical source opinions

−1−

regarding the claimant's physical (e.g., need for a sit/stand option) and mental limitations (e.g., poor ability to function independently)—rendered by Dr. Shearin and Dr. Murphy, respectively—in favor of the contrary opinions of non-examining state agency physicians who did not have the benefit of the claimant's full medical file.

On remand, the ALJ must reconsider the functional limitations associated with the claimant's medically determinable impairments and give new consideration to the opinions of Drs. Bright, Shearin, and Murphy. To the extent the ALJ needs clarification of or further explanation for any of these medical opinions, the ALJ must recontact the appropriate physician. The ALJ must provide an explanation, supported by substantial evidence already in the record, for rejecting any medical source opinion. Ultimately, the ALJ must make a new RFC determination that is supported by substantial evidence in the record. And, to the extent necessary, the ALJ will obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform, considering her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of July, 2018.


/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE